UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TYSON A. POULOS,

                Plaintiff,

                                18-CV-1279
                                (GTS/DEP)


        - against -

STEVEN GRIMALDI, "JOHN" GORDON, MARK
ROSS, JARED LACHANCE, RONALD HANSON,
MICHAEL LYONS, DANIEL REYNOLDS,
REBECCA BRUNELLE, and JOHN DOES 1-13,


                Defendants.
-------------------------------------------------------------X


## **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE***


### ***Oral Argument Requested***

Jack Angelou, Esq.
HELD & HINES, LLP
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
jackangelou@heldhines.com

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES                                                                 ii

    CASES                                                                           ii
    STATUTES                                                                        iii
    RULES                                                                           iii

INTRODUCTION                                                                         1

ARGUMENT                                                                             1

**POINT ONE**
    PLAINTIFF'S CONSPIRACY CLAIMS ARE NOT BARRED BY THE
    INTRA-CORPORATE CONSPIRACY DOCTRINE                                             1

**POINT TWO**
    DEFENSE COUNSEL SHOULD NOT BE PERMITTED TO INQUIRE INTO
    PLAINTIFF'S FELONY CONVICTIONS                                                  2

**POINT THREE**
    THE COURT SHOULD NOT PERMIT DEFENSE COUNSEL TO CROSS-EXAMINE
    PLAINTIFF REGARDING HIS OTHER FEDERAL LAWSUITS                                  5

**POINT FOUR**
    PLAINTIFF SHOULD NOT BE PRECLUDED FROM OFFERING ANY TESTIMONY
    OR OTHER EVIDENCE AT TRIAL ABOUT OTHER INMATES BEING HARMED
    AT GREAT MEADOW CORRECTIONAL FACILITY, NOR SHOULD PLAINTIFF
    BE PRECLUDED FROM OFFERING ANY TESTIMONY OR OTHER EVIDENCE
    AT TRIAL ABOUT ANY DEFENDANT HAVING A REPUTATION FOR
    ENGAGING IN EXCESSIVE FORCE OR CONSPIRACY                                       7

**POINT FIVE**
    PLAINTIFF SHOULD NOT BE PRECLUDED FROM INTRODUCING ANY
    EVIDENCE OR TESTIMONY AT TRIAL CONCERNING THE
    PERSONNEL/DISCIPLINARY RECORDS OF THE DEFENDANTS AND OTHER
    LAWSUITS INVOLVING THE DEFENDANTS                                               9

**POINT SIX**
    AS TO PRECLUSION OF ANY REFERENCE TO DISMISSED CLAIMS                           9

**CONCLUSION**                                                                       9

## TABLE OF AUTHORITIES

**CASES**

*Beastie Boys v. Monster Energy Co.*, 983 F. Supp.2d 369 (S.D.N.Y. 2014)          8

*Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991)          8

*Brevard v. Schunk*, No. 9:18-CV-00042, 2020 WL 374563 (N.D.N.Y. 2020)          3

*Brewer v. Jones*, 222 Fed. Appx. 69 (2d Cir. 2007)          6

*Crenshaw v. Herbert*, 409 Fed. Appx. 428 (2d Cir. 2011)          2

*Dukes v. Schuck,* 637 Fed. Appx. 37 (2d Cir. 2016)          6

*ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383 (S.D.N.Y. 1999)          8

*Jean-Laurent v. Hennessy*, 840 F.Supp.2d 529 (E.D.N.Y. 2011)          6

*Lewis v. Velez*, 149 F.R.D. 474 (S.D.N.Y. 1993)          6

*Matter of Criscolo v. Vagianelis*, 19 Misc.3d 1118(A), 862 N.Y.S.2d 813 (Sup. Ct. Albany Co. 2007)          12

*Pangburn v. Culbertson*, 200 F.3d 65 (2d Cir. 1999)          1

*Peck v. City of Onondaga*, 2021 U.S. Dist. LEXIS 157561 (N.D.N.Y. 2021)          1

*Poulos v. City of New York, et al.* (Case No. 1:14-cv-03023, S.D.N.Y., commenced April 29, 2014)          5

*Poulos v. County of Warren, et al.* (Case No. 9:17-cv-00026, N.D.N.Y., commenced January 10, 2017)          5

*Poulos v. County of Warren, et al.* (Case No. 1:21-cv-00096, N.D.N.Y., commenced January 27, 2021)          5

*Poulos v. County of Washington*, et al. (Case No. 1:07-cv-01192, N.D.N.Y., commenced November 9, 2007)          5

*Shepherd v. Smith*, No. 9:15-CV-00665, 2019 WL 5212883 (N.D.N.Y. 2019)          3

*Tapp v. Tougas*, No. 9:05-CV-1479, 2018 WL 1918605 (N.D.N.Y. 2018)          3, 4

*United States v. Al Kassar*, 582 F. Supp. 2d 498 (S.D.N.Y. 2008)          8

*Thousand v. Corrigan*, No. 9:15-CV-01025, 2017 WL 4480185 (N.D.N.Y. 2017)    4

*Toliver v. Fischer*, No. 9:12-CV-00077, 2015 WL 403133 (N.D.N.Y. 2015)    1

*United States v. Brown*, 606 F.Supp.2d 306 (E.D.N.Y. 2009)    3

**STATUTES**

42 U.S.C. §1983    1

**RULES**

Fed. R. Evid. 403    2, 8

Fed. R. Evid. 404    7, 8, 9

Fed. R. Evid. 609    2

## INTRODUCTION

This Memorandum of Law is respectfully submitted on behalf of the Plaintiff, Tyson Poulos, an incarcerated individual, who brings this action pursuant to 42 U.S.C. §1983 for excessive use of force and conspiracy, in Opposition to Defendants' motion *in limine* seeking the preclusion of certain evidence and testimony that Defendants anticipates Plaintiff will seek to introduce at trial.

## ARGUMENT

## POINT I

## PLAINTIFF'S CONSPIRACY CLAIMS ARE NOT BARRED BY THE INTRA-CORPORATE CONSPIRACY DOCTRINE

The intra-corporate conspiracy doctrine will not avail Defendants. While it is true that Defendants are "officers, agents, and employees of a single corporate or municipal entity", (*Toliver v. Fischer*, No. 9:12-CV-00077, 2015 WL 403133 (N.D.N.Y. 2015), here, the exception that "If the alleged conspirators are 'motivated by an improper personal interest separate and apart from that of their principal," they may still conspire" applies. *Peck v. City of Onondaga*, 2021 U.S. Dist. LEXIS 157561 (N.D.N.Y. 2021)  (the so-called "personal stake" exception). The evidence will show that Defendants, aware that their behavior was beyond the pale, clearly had a personal stake in covering up their actions to protect their jobs and possibly their liberty.

The evidence will also show that the elements of a conspiracy, namely, "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages" have been fulfilled. *Pangburn v. Culbertson*, 200 F.3d 65 (2d Cir. 1999).

1

**POINT II**

**DEFENSE COUNSEL SHOULD NOT BE PERMITTED TO INQUIRE INTO
PLAINTIFF'S FELONY CONVICTIONS**

Although Defendants wish to introduce Plaintiff's past criminal history to attack Plaintiff's character for truthfulness (Fed. R. Evid. 609), as Defendants have admitted, Fed. R. Evid. 609(a)(1)(A) is subject Fed. R. Evid. 403, which states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Here, presentation of such evidence would be cumulative, since it is obvious that Plaintiff was incarcerated at the time of his deposition.

Two factors cited by Defendants that they claim will minimize the risk of unfair prejudice, namely, "that (1) there are few similarities between Plaintiff's crimes and the allegations in this case, and (2) the jury will already be aware, based on the nature of Plaintiff's claims against correction officials, that Plaintiff was convicted of a crime" actually serve to demonstrate the undue prejudice that would accrue with admission of such evidence and the cumulative nature of same.

Further, there is no evidence regarding any arrest or conviction showing that Plaintiff has ever been convicted of a crime an element of which is a dishonest act or false statement. *See* Fed. R. Evid. 609(a)(2). Unlike the circumstances in *Crenshaw v. Herbert*, 409 Fed. Appx. 428 (2d Cir. 2011), cited by Defendants, in which a prior conviction was for robbery, here, a dishonest act or false statement is not an element of Plaintiff's prior convictions on drug charges. Further, the passage in *Crenshaw* that "the jury was well aware that Crenshaw was incarcerated at the time of the incident and remained incarcerated through trial. It is unlikely that additional unfair

2

prejudice resulted from informing the jury that Crenshaw was serving a sentence for robbery" does not take into account that while redundantly informing the jury that plaintiff was incarcerated, although cumulative, may not result in additional undue prejudice, revealing the nature of the offense most likely would. Similarly, the prior convictions in *Brevard v. Schunk*, No. 9:18-CV-00042, 2020 WL 374563 (N.D.N.Y. 2020) were for robbery and possession of a forged instrument, of which a dishonest act or false statement is an element, as opposed to Plaintiff's drug convictions here. Also, in *Shepherd v. Smith*, No. 9:15-CV-00665, 2019 WL 5212883 (N.D.N.Y. 2019), the prior convictions were for robbery and possession of stolen property, crimes of which a dishonest act or false statement is an element, as opposed to Plaintiff's drug convictions here.

As noted in *United States v. Brown*, 606 F.Supp.2d 306 (E.D.N.Y. 2009), "Although all of these factors are relevant, '[p]rime among them is [the first factor, i.e.,] whether the crime, by its nature, is probative of a lack of veracity.'"

Even Defendants' request for a more limited inquiry so as to question Plaintiff regarding the fact that Plaintiff was convicted of felonies, the dates of Plaintiff's felony convictions, and the overall sentence imposed would result in undue prejudice and cumulative evidence. In *Tapp v. Tougas*, No. 9:05-CV-1479, 2018 WL 1918605 (N.D.N.Y. 2018), one conviction was for attempted robbery. As to this conviction, the court held that "impeachment is limited to the fact that Plaintiff was convicted of a felony, the date, and the sentence imposed. Counsel may not inquire as to the statutory name and nature of the crime." While this may appear to be a preferable alternative, it does not avoid the problem that such testimony would be cumulative, since Plaintiff's status is obvious by virtue of the fact that his deposition was conducted while he was in prison. As to the conviction for possession with intent to deliver a controlled substance,

which is more akin to the prior conviction of Plaintiff herein, the court in *Tapp* held that:

> On balance, the Court finds that the low probative value of the 2006 conviction [for possession with intent to deliver] is outweighed by the danger of unfair prejudice since the focus on Plaintiff's multiple felonies would detract from the real issue in this case—whether he was the victim of excessive force. See *Robinson v. Troyan*, No. 07 Civ. 4846, 2011 U.S. Dist. LEXIS 128945, at *9, 2011 WL 5416324, at *3 (E.D.N.Y. Nov. 8, 2011) ("The extent of permissible force used by defendant on February 7, 2007 should not be affected [*7] by the extent of the plaintiff's prior criminal record."). Accordingly, evidence of the 2006 conviction is not admissible.

So too here, admission of testimony regarding prior convictions that do not have as elements a dishonest act or false statement would unduly prejudicially distract from the gravamen of the present case: whether excessive force was used against the Plaintiff by Defendants and whether Defendants conspired to cover up said acts. Such testimony should not be admitted.

Similarly, here, as in *Thousand v. Corrigan*, No. 9:15-CV-01025, 2017 WL 4480185 (N.D.N.Y. 2017), plaintiff's prior conviction for manslaughter "is not particularly probative as to honesty and veracity." Neither do the prior convictions of Plaintiff herein on drug charges. Simply eliciting that he was convicted of a felony, the date and the sentence is again cumulative, since it is otherwise obvious that Plaintiff is confined to prison.

Therefore, Defendants must be precluded from offering any evidence of Plaintiff's past criminal convictions at trial.

4

## POINT III

## THE COURT SHOULD NOT PERMIT DEFENSE COUNSEL TO CROSS-EXAMINE PLAINTIFF REGARDING HIS OTHER FEDERAL LAWSUITS

Inquiry into the prior suits cited by Defendants will not tend to make any fact in the instant matter more or less likely.

*Poulos v. City of New York, et al.* (Case No. 1:14-cv-03023, S.D.N.Y., commenced April 29, 2014) was brought against entirely different defendants who were employed by an entirely different government agency. The injuries claimed are almost entirely different from those claimed herein, with some overlap as to psychological injuries.

*Poulos v. County of Washington*, et al. (Case No. 1:07-cv-01192, N.D.N.Y., commenced November 9, 2007) was brought against entirely different defendants who were employed by an entirely different government agency. The injuries claimed are almost entirely different from those claimed herein, with some overlap as to psychological injuries.

*Poulos v. County of Warren, et al.* (Case No. 9:17-cv-00026, N.D.N.Y., commenced January 10, 2017) was brought against entirely different defendants who were employed by an entirely different government agency. The injuries claimed are entirely different from those claimed herein, with some overlap as to psychological injuries. Further, this case is no longer extant, having been dismissed on screening of the *pro se* complaint.

*Poulos v. County of Warren, et al.* (Case No. 1:21-cv-00096, N.D.N.Y., commenced January 27, 2021) was brought against entirely different defendants who were employed by an entirely different government agency. The injuries claimed are entirely different from those claimed herein, with some overlap as to psychological injuries.

.       In the present case, the claims of physical injuries are mainly for fractured ribs, and are *not* claims made in the previous suits. Claims for aggravation of prior injuries, including of the

mandible, back and right hand, are not claims for causation of the original injury.

Thus, it is plainly inaccurate to state that "Here, in Plaintiff's other federal actions discussed above, Plaintiff alleged injuries nearly identical to those he alleges in the present action, and he claimed a cause of those injuries that is unrelated to Defendants", as Defendants have done.

*Brewer v. Jones*, 222 Fed. Appx. 69 (2d Cir. 2007), cited by Defendants, is distinguishable in that the decision to permit evidence of prior lawsuits was held to be proper "because the evidence was relevant to show a possible cause of Brewer's injury unrelated to the acts of the defendant, the district court correctly concluded that the probative value of the evidence outweighed any possibility of prejudice." Here, no prior claim was made concerning fractured ribs, and no claim is made that the prior injuries were caused by the conduct of Defendants herein. Hence, the justifying purpose present in *Brewer* is lacking here.

In *Jean-Laurent v. Hennessy*, 840 F.Supp.2d 529 (E.D.N.Y. 2011), cited by Defendants, the court cautioned against the introduction of evidence of prior lawsuits in "that it is generally improper for a court to admit evidence of prior lawsuits for the purpose of demonstrating that a plaintiff is a "chronic litigant." . . . (citing *Outley v. City of New York*, 837 F.2d 587, 591-93 (2d Cir. 1988).)" Even if offered for a different reason, to demonstrate a prior inconsistent statement or party admission, as in *Jean-Laurent*, there, plaintiff had testified in a prior suit that a strip search occurring *subsequently* to the one of which complaint was made in the case before the court caused emotional harm. Such a sequence of events does not exist in the instant matter.

As to *Dukes v. Schuck*. 637 Fed. Appx. 37 (2d Cir, 2016), cited by Defendants, a through reading and rereading of this case revealed *absolutely no mention or reference to the permissibility of cross-examination regarding prior lawsuits*.

In *Lewis v. Velez*, 149 F.R.D. 474 (S.D.N.Y. 1993), cited by Defendants, the court ruled that *past medical records* may be admissible as to the issue of causation of currently claimed injuries. There is, again, *absolutely no mention or reference to the permissibility of cross-examination regarding prior lawsuits*.

<u>**POINT IV**</u>

<u>**PLAINTIFF SHOULD NOT BE PRECLUDED FROM OFFERING ANY TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT OTHER INMATES BEING HARMED AT GREAT MEADOW CORRECTIONAL FACILITY, NOR SHOULD PLAINTIFF BE PRECLUDED FROM OFFERING ANY TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT ANY DEFENDANT HAVING A REPUTATION FOR ENGAGING IN EXCESSIVE FORCE OR CONSPIRACY.**</u>

Evidence of other incidents of excessive force and conspiracy at Great Meadow are relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident (Fed. R. Evid. 404(b)). Contrary to Defendants' contention, this Court, in its November 15, 2019 Order, did not dismiss certain claims because of reference to particular prior incidents of excessive force or conspiracy alleged to have occurred at Great Meadow, but rather because only generalities, not specific incidents, were cited.

While undated, nonspecific, hearsay accounts of prior incidents of excessive force and conspiracy at Great Meadow may be unduly prejudicial, any such specific incidents of which Plaintiff has firsthand knowledge will be quite relevant as to the issues of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Obviously, a blanket prohibition of such testimony before trial is inappropriate. The admissibility of evidence regarding any particular incident will depend upon an in-trial evaluation of its content and reliability.

Similarly, such specific evidence will not be offered to show character or propensity, as Defendants contend, but rather again for the permissible purpose of demonstrating motive,

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Defendants' citation of *Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991), cited as standing for the proposition "that the plaintiff's proffer of evidence of prior complaints "amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits — introducing evidence of bad acts to show the defendant's propensity to commit such acts", failed to note the following *caveat*: "But such evidence may be admitted for any other relevant purpose under our "inclusionary" approach. *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986)." *Berkovich* further noted that "The Supreme Court recently observed "that the strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing." *Huddleston*, 485 U.S. at 689 n. 6." Such a consideration must be dealt with on a case-by-case, in-trial basis, not be a blanket prohibition on a motion *in limine*.

As to Defendants' concern that introducing such evidence would result in multiple trials within a trial, any such evidence that the Plaintiff herein would offer will not be of "undated, unspecified incidents" as Defendants fear, but rather specific allegations of which Plaintiff has firsthand knowledge. This distinguishes the instant matter from cases such as *Beastie Boys v. Monster Energy Co.*, 983 F. Supp.2d 369 (S.D.N.Y. 2014), *United States v. Al Kassar*, 582 F. Supp. 2d 498 (S.D.N.Y. 2008) and *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383 (S.D.N.Y. 1999). No "trial within a trial" will be necessary here.

While Defendants anticipate that hearsay testimony will be offered, any evidence of prior incidents of excessive force or conspiracy will be those of which Plaintiff herein has firsthand knowledge.

8

**POINT V**

**PLAINTIFF SHOULD NOT BE PRECLUDED FROM INTRODUCING ANY EVIDENCE OR TESTIMONY AT TRIAL CONCERNING THE PERSONNEL/DISCIPLINARY RECORDS OF THE DEFENDANTS AND OTHER LAWSUITS INVOLVING THE DEFENDANTS**

Defendants' expressed concern regarding evidence of Defendants' disciplinary records or other lawsuits involving Defendants, that such evidence will be irrelevant, unduly prejudicial, confusing and misleading, as well as inappropriately be introduced to show propensity, is not only wholly conclusory, but also ignores the legitimate purpose of such evidence, namely, to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident (Fed. R Evid 404(b)).

It is well to remember that the standard of proof for criminal proceedings, *i.e.*, "beyond a reasonable doubt", does not apply to prison disciplinary hearings. Rather, the much lower standard, that of "substantial evidence, is used. *See Matter of Criscolo v. Vagianelis*, 19 Misc.3d 1118(A), 862 N.Y.S.2d 813 (Sup. Ct. Albany Co. 2007).

**POINT VI**

**AS TO PRECLUSION OF ANY REFERENCE TO DISMISSED CLAIMS**

Plaintiff does not anticipate introducing any evidence related to dismissed claims. It of course will be left to the Court's discretion to determine what evidence is and is not referential to issues previously dismissed.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion *In Limine* in its entirety.

9

Dated: April 4, 2022
     Brooklyn, New York

Respectfully submitted,
HELD AND HINES, LLP
*/S/Jack Angelou*
JACK ANGELOU, ESQ.
Attorneys for Plaintiff
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
jackngelou@heldhines.com

To:    Ray A. Kyles, Esq.
       LETITIA JAMES
       Attorney General's Office
       *Attorneys for Defendant*
       Syracuse Regional Office
       300 South State Street, Suite 300
       Syracuse, New York 13202
       (315) 448-4800